1  Nathan E. Werksman, Esq.
2  Jordan Merson, Esq.
   nwerksman@mersonlaw.com
3  **Merson Law, PLLC.**
   950 Third Ave, 18th Floor
4  New York, NY 10022

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW YORK, NORTHERN DIVISION

| ELANORE HAWKE, | Case No.: 8:25-cv-441 (BKS/DJS) |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | **[DEMAND FOR JURY TRIAL]** |
| ADK AQUATICS LLC a/k/a ADIRONDACK WATER SPORTS a/k/a LAKE PLACID WATER SPORTS and WESLEY CANNY, | |
| Defendants. | |

1

## INTRODUCTION

Plaintiffs Elanore Hawke, by and through her attorneys, Merson Law, PLLC, respectfully alleges, upon information and belief, as follows:

## JURISDICTION, VENUE, AND INTERDISTRICT ASSIGNMENT

1. Plaintiff Hawke resides in the State of Connecticut.

2. Defendant ADK Aquatics LLC a/k/a Adirondack Water Sports a/k/a Lake Placid Water Sports is a domestic limited liability company registered at 34 Hillcrest Avenue, Lake Placid, New York 12946.

3. Defendant Wesley Canny (hereinafter "Canny") is a resident of the State of New York.

4. The amount in controversy of this action is in excess of $75,000.

5. This Court has jurisdiction under 28 U.S.C. § 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Essex County, New York.

## GENERAL FACTUAL ALLEGATIONS

7. On August 7, 2024, Plaintiff Elanore Hawke (hereinafter "Hawke"), a 48-year old woman, was water-skiing recreationally on Lake Placid with her family under the instruction of and using equipment provided by and fitted by defendant ADK Aquatics LLC a/k/a Adirondack Water Sports a/k/a Lake Placid Water Sports (hereinafter "ADK Aquatics LLC") and defendat Canny when she experienced an incident on the water which caused Hawke severe fractures in her left ankle and foot, torn ligaments, hospitalization, and surgery to treat, and will

result in life-long disability.  The incident was caused by the negligence, reckless, and wanton conduct of defendants ADK Aquatics LLC and Canny.

8.     Defendant ADK Aquatics LLC, Canny, and its agents, servants, and employees (hereinafter referred to collectively as "Defendant ADK Aquatics LLC") is a domestic corporation with a principal place of business in Essex County, New York.

9.     Defendant Canny owns, operates, controls, and manages Defendant ADK Aquatics LLC.

10.    Defendant ADK Aquatics LLC describes itself as "[t]he only NYS licensed and insured professional watersports instruction on Lake Placid" that "provides one on one instruction to all levels and abilities."

11.    Defendant ADK Aquatics LLC owned, controlled, maintained, and/or operated the equipment it rented and fitted on Lake Placid.

12.    Defendant ADK Aquatics LLC provides watersports instruction on Lake Placid, including providing and operating machinery including boats, providing equipment, including but not limited to professional slalom bindings and skis to, and fitting such equipment on individuals like Hawke.

13.    Defendant ADK Aquatics LLC employed individuals on August 7, 2024 and assigned them to provide instruction to, rent out equipment including water skis and professional slalom bindings to, fit equipment on, and operate boats for Plaintiff Hawke.

14.    At all relevant times, those individuals who recommended bindings to Plaintiff Hawke and operated the boat on which she waterskied at all relevant times were agents, employees, and/or servants of Defendant ADK Aquatics LLC and Canny.

15. At all relevant times, Defendant ADK Aquatics LLC and Canny are vicariously liable for the negligent, wanton, and reckless acts and omissions of those individuals who recommended bindings to Plaintiff Hawke and operated the boat on which she waterskied at all relevant times.

16. Defendant ADK Aquatics LLC oversaw the watersports instruction, including waterski instruction on the Premises.

17. On August 7, 2024, defendant ADK Aquatics LLC fitted Hawke with waterski equipment including professional lace-up waterski slalom bindings and skis and failed to advise Hawke of the risks associated with such bindings, including severe and permanent foot injury.

18. On August 7, 2024, Plaintiff Hawke was not a professional skier.

19. On August 7, 2024, defendant ADK Aquatics LLC provided to and operated a boat designed for wakeboarding and surfing, but not waterskiing, for Plaintiff Hawke.

20. While Plaintiff Hawke was waterskiing, employees, agents, and/or servants of defendant ADK Aquatics LLC were operating the wakeboarding boat behind which Plaintiff Hawke was waterskiing.

21. The wakeboarding and surfing boat operated by employees, agents, and/or servants of defendant ADK Aquatics LLC on August 7, 2024, created a wake that was larger than a wake traditionally created by a boat designed for waterskiing.

22. Plaintiff Hawke fell while waterskiing, but her bindings did not release upon her fall, as they should have.

23. As a result of the fall and her waterski bindings' failure to release, Plaintiff Hawke experienced severe fractures in her left ankle and foot and torn ligaments in her left ankle and foot.

4

24. As a result of the bindings' failure to release, Hawke suffered severe and permanent physical and emotional injuries.

### AS AND FOR A FIRST CAUSE OF ACTION
### BY PLAINTIFF FOR NEGLIGENCE

25. Plaintiffs repeat, reiterate and reallege every allegation contained in all preceding paragraphs with the same force and effect as if hereafter set forth at length.

26. Defendant ADK Aquatics LLC had a duty to keep customers, including Hawke, using their equipment, and undergoing their instruction safe from harm.

27. Defendant ADK Aquatics LLC maintained rules and regulations to protect customers, including Hawke, using their equipment, and undergoing their instruction, that Defendants violated, and or failed to properly promulgate and/or enforce such rules and regulations.

28. Defendant ADK Aquatics LLC was negligent, reckless, and wanton in their maintenance, control, and/or management of the Premises, their instructors, their machinery, and/or their equipment.

29. As a result of negligent, recklessness, and wanton conduct of Defendant ADK Aquatics LLC, Hawke suffered severe and permanent bodily harm and emotional distress.

30. As a result of the aforementioned negligence and carelessness of Defendant ADK Aquatics LLC, Hawke seeks compensatory damages, including economic and non-economic damages.

31. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

32. This action falls within exceptions to Article 16 of the C.P.L.R.

### AS AND FOR A SECOND CAUSE OF ACTION
### BY PLAINTIFF FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION

33. Plaintiffs repeat, reiterate and reallege every allegation contained in all preceding paragraphs with the same force and effect as if hereafter set forth at length.

34. Defendant ADK Aquatics LLC had a duty to properly investigate, screen, interview, background check, hire, train, retain, and supervise its employees to protect third parties, like Hawke, from being severely injured by its Premises, instructors, machinery, and equipment.

35. Defendant ADK Aquatics LLC negligently investigated, hired, trained, retained, and supervised their employees, including those who fitted Hawke with bindings and operated the boat on August 7, 2024.

36. Defendant ADK Aquatics LLC knew or should have known that its employees employed on August 7, 2024 had a propensity to improperly operate defendant ADK Aquatics LLC's machinery, including wakeboard boats, improperly rent out defendant ADK Aquatic LLC's equipment, including professional slalom water skis and bindings, and improperly fit defendant ADK Aquatic LLC's equipment, including professional slalom water skis and bindings on third parties, including Hawke, but failed to take appropriate measures to protect Hawke from being injured as a result of using equipment rented out by and fitted by employees, agents, and/or servants of ADK Aquatics LLC.

37. As a result of Defendant ADK Aquatics LLC's negligent hiring, training, screening, supervision and retention, Hawke sustained severe and permanent bodily injury and severe emotional distress.

38. As a result of the aforementioned negligence and carelessness of Defendant ADK Aquatics LLC, Hawke seeks compensatory damages and punitive damages.

39. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

40. This action falls within exceptions to Article 16 of the C.P.L.R.

### JURY DEMAND

41. Plaintiff hereby demands that this matter be tried by a jury.

### PRAYER

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. Compensatory damages to Plaintiff for pain, suffering, injury, emotional distress, and for medical expenses, past and future;

2. Prejudgment interest and post judgment interest as allowed under the law;

3. Such other and further relief against Defendant in such sum as a jury would find fair, adequate, and just.

Dated: New York, New York
April 8, 2025

MERSON LAW, PLLC

*/s/ Jordan Merson*

Jordan Merson, Esq.
Nathan E. Werksman, Esq.
Attorneys for Plaintiff
950 Third Ave, 18th Floor
New York, NY 10022